IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ARBOR NETWORKS, INC.,

    Plaintiff,

v.

ARROYO NETWORKS, LLC,
MATTHEW ELLISON, and MARIO LORIA,

    Defendants.

Civil Action No. 16-cv-10500-RGS

## PERMANENT INJUNCTION ORDER

This case is before the Court upon the Joint Motion for Entry of Permanent Injunction Order (the "Motion") of Plaintiff Arbor Networks, Inc. ("Arbor") and Defendants Arroyo Networks, LLC ("Arroyo"), Matthew Ellison ("Ellison"), and Mario Loria ("Loria"). The Court has reviewed the Motion and the record in this case, and is otherwise advised on the premises. In light of the foregoing, the Court will grant the Motion and adopt the terms of the parties' Proposed Permanent Injunction Order. Accordingly, it is hereby:

    **I.**    **ORDERED AND ADJUDGED** that:

Defendants shall not, without the prior written permission of Plaintiff Arbor Networks, Inc. ("Arbor"), directly or indirectly, for any purpose, utilize or disclose to anyone outside Arbor any Confidential Information (as defined herein), or any information received by Arbor in confidence from or about third parties, as long as such matters remain trade secrets or confidential.

For purpose of this Order, "Confidential Information" shall mean the trade secrets and other confidential information of Arbor which is not generally known to the public, and which

(a) is or was generated, collected by, or utilized in the operations of Arbor and relates to the actual or anticipated business, research, or development of Arbor or Arbor's actual or prospective vendors or customers; or (b) was suggested by or resulted from any task assigned to Ellison or Loria by Arbor or work performed by Ellison or Loria for or on behalf of Arbor or any customer of Arbor. Confidential Information shall not be considered generally known to the public if revealed improperly to the public without Arbor's express written consent and/or in violation of any obligation of confidentiality to Arbor. Confidential Information shall include, without limitation, customer and supplier identification and contacts, information about customers, Voice of the Customer data, reports or analyses, business relationships, contract terms, pricing, price lists, pricing formulas, margins, business plans, projections, prospects, opportunities or strategies, acquisitions, divestitures or mergers, marketing plans, advertising or promotions, financial data (including, but not limited to, the revenues, costs, or profits associated with any products or services of Arbor), business and customer strategy, techniques, formulations, technical information, technical know-how, formulae, production information, inventions, invention disclosures, discoveries, drawings, invention methods, systems, information regarding all or any portion of the Danaher Business System, lease structure, processes, designs, plans, architecture, prototypes, models, software, source code, object code, solutions, personal or performance information about employees, Talent Review and Organizational Plans, research and development, copyrights, patent applications, and plan or proposals related to any of the foregoing. In no event shall Confidential Information include any development conceived of by Ellison or Loria during their employment by Arbor for which no equipment, supplies, facilities or trade secret or Confidential Information of Arbor was used, and which was developed entirely on Ellison or Loria's own time unless (a) the development relates:

(i) to the actual or anticipated business of Arbor; or (ii) to Arbor's actual or demonstrably anticipated research or development or (b) the development resulted from any work performed by Ellison or Loria for Arbor.  Such developments do not themselves constitute Confidential Information.  In addition, Confidential Information shall not include any ideas conceived of by Ellison or Loria after the termination of their employment with Arbor related to potential new products in the field of systems testing and/or traffic generation/simulation which are based on publicly available information or available products in the marketplace, to the extent such ideas are not based on and do not incorporate Confidential Information.

    **II.    FURTHER ORDERED AND ADJUDGED** that:

Defendants shall not develop, produce, market, sell, or release any product designed for the purpose of network testing or any product designed for the purpose of network traffic generation that incorporates Arbor's Confidential Information, or that is based in any way on, or that incorporates code from, the Arbor network testing and traffic generation program known as Streamer ("Streamer"), including, without limitation,

    (i) any product designed for the purpose of network testing or any product designed for the purpose of network traffic generation wherein a central user-interface controls an array of network traffic generation units,

    (ii) any product that increases the speed and efficiency of network testing by generating only client-side network traffic, or

    (iii) any product that incorporates or benefits from the software optimizations developed during the coding of Streamer or any other product designed for the purpose of network testing or any product designed for the purpose of network traffic generation coded by Defendants during their employment with Arbor, meaning specifically optimizations concerning packet assembly that allow a system running Streamer to focus only on the variations between packets and optimizations concerning the implementation of a hardware abstraction layer into Streamer,

to the extent that any of the above incorporate any Confidential Information.

III.     **FURTHER ORDERED AND ADJUDGED** that:

Defendants shall not develop, produce, market, sell, or release <u>any</u> product designed for the purpose of network testing or any product designed for the purpose of network traffic generation for a period of twelve (12) months from the date of this order.  To the extent that Defendants choose to develop, produce, market, sell, or release any product designed for the purpose of network testing or any product designed for the purpose of network traffic generation after that time, they shall, upon Arbor's reasonable request, allow an independent third-party analyst, as selected by agreement of the parties, to perform a confidential inspection of such product and its code.  For any material provided to the analyst for the inspection as evidence of Arbor's Confidential Information, Arbor shall identify, redact, or exclude those portions of the material that Arbor knows to be publicly available (and thus not Confidential Information) and those portions of the material that might constitute Confidential Information but arose after the termination of Ellison's and Loria's employment with Arbor.  The analyst shall not share any information about Defendants' product with Arbor other than an opinion as to whether Defendants' product violates the terms of Section II above.  The opinion shall identify the basis of such opinion sufficient to determine the accuracy of that opinion.  Arbor and Defendants shall be informed of the analyst's opinion at the same time.  If Defendants disagree with the analyst's opinion, and if the disagreement cannot be settled through good faith business negotiation, Arbor and Defendants will first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration, litigation, or some other dispute resolution procedure.  Arbor shall bear the full cost of any inspection and shall not be entitled to request an inspection more often than

twice in any three-year period. Arbor's right to request an inspection shall expire five years from the date of this Order.

IV.   **FURTHER ORDERED AND ADJUDGED** that:

Defendants shall not, for a period of twelve (12) months from the date of this Order, raid, hire, solicit, encourage or attempt to persuade any employee or independent contractor of Arbor, or any person who was an employee or independent contractor of Arbor during the six (6) months preceding the date of this Order, who possesses or had access to Arbor's Confidential Information, to leave the employ of, or terminate a relationship with, Arbor.

V.   **FURTHER ORDERED AND ADJUDGED** that:

Ellison and Loria each shall comply fully with their respective "Danaher Corporation and Its Affiliated Entities Agreement Regarding Solicitation and Protection of Proprietary Interests" agreements, copies of which are attached as Exhibits A and B.

SIGNED this _9th_ day of _May_ 2016 at _7:30 AM_ o'clock _A_.m.

_____
UNITED STATES DISTRICT JUDGE

DM_US 71943514-4.100233.0011

- 5 -